RECEIVED
IN LAKE CHARLES, LA
JUL 19 2012
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | DOCKET NO. 2:11 cr 00107-002 |
| VS. | : | JUDGE MINALDI |
| KIMBERLY ANN THOMPSON | : | MAGISTRATE JUDGE KAY |

MEMORANDUM RULING

Presently before the court are objections by the defendant to the Presentence Report ("PSR") prepared by the Probation Office.

The defendant objects to the inclusion of a statement by the defendant which was given to the Federal Bureau of Investigation ("FBI") during an interview on June 15, 2010.

A reference to the defendant trading firearms for methamphetamine was included in the revised Stipulated Factual Basis, which was signed by both parties and adopted by the court. Additionally, two overt acts transpired during the period charged in the conspiracy which involved firearms. The first act occurred on September 15, 2009. The defendant and a co-conspirator were stopped by a Vernon Parish Sheriff Officer. A weapon and a small container of methamphetamine were found in the vehicle. The second act occurred on February 5, 2010, in Allen Parish. The driver, Harlis Martin, was found to have methamphetamine in his possession and the defendant, Kimberly Thompson, advised that there was .22 caliber semiautomatic rifle in the vehicle.

The statement given to the FBI was voluntary. There was no Kastigar letter. There is no evidence of any promise made by the Government not to use the information provided by the

defendant at the June 15 interview. The statement was contained in the factual basis adopted by the parties. In addition to this, there were two additional overt acts involving firearms. Accordingly, the defendant's objection is overruled.

The defendant next argues that she should be given the benefit of the Safety Valve contained in USSG § 5C1.2(a)(2)[1]. To satisfy § 5C1.2(a)(2), Thompson must present evidence preponderating in favor of a finding "that she did not possess a firearm in connection with the drug conspiracy,"

---

[1] (a) Except as provided in subsection (b), in the case of an offense under 21 U.S.C. § 841, § 844, § 846, § 960, or § 963, the court shall impose a sentence in accordance with the applicable guidelines without regard to any statutory minimum sentence, if the court finds that the defendant meets the criteria in 18 U.S.C. § 3553(f)(1)-(5) set forth below:

(1) the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines before application of subsection (b) of 4A1.3 (Departures Based on Inadequacy of Criminal History Category);

(2) the defendant did not use violence or credible threats of violence or *possess a firearm* or other dangerous weapon (or induce another participant to do so) in connection with the offense;

(3) the offense did not result in death or serious bodily injury to any person;

(4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848; and

(5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

(Emphasis added). USSG, § 5C1.2, 18 U.S.C.A.

*United States v. Vasquez*, 161 F.3d 909, 911 (5th Cir.1998), or, more specifically, that any firearm used in the offense was used by another conspirator and not by her. Cf. *United States v. Wilson*, 105 F.3d 219, 222 (5th Cir.1997). Thompson has directed the court to no such evidence; she merely argues that her statement from the June 15 interview should not used against her. But, she has the burden of proof on this issue. The safety valve provision only applies if the defendant meets all five criteria and she does not, as she possessed firearms. Therefore, the safety valve is not applicable.

Lake Charles, Louisiana, this __18__ day of July, 2012.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE